In the Matter of the Petition of John C. McLaughlin for an Inspection of the Books, etc., of the Glenside Woolen Mills.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Jennie G. Bard, as Administratrix, etc., Respondent, v. John Single Paper Company, Limited, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Ida M. Thayer, as Administratrix, etc., Respondent, v. Standard Oil Company of New York, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Florence Leise, as Administratrix, etc., Respondent, v. Rochester, Syra- cuse and Eastern Railroad Company, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Jemima Crane, Respondent, v. Charles Phillips and Others, Appellants. — Appeal dismissed, with costs, for the failure of appellants to comply with order of July 11, 1911.

Christopher C. Werner, as Trustee, etc., Respondent, v. Anna M. Doyle, Appellant.— Motion granted and appeal dismissed, with costs.

Western New York Institution for Deaf-Mutes, Respondent, v. County of Broome, Appellant.— Motion granted and appeal dismissed, with costs.

Walter B. Perkins Company, Respondent, v. Richmond Land Company, Appellant.— Motion granted and appeal dismissed, with costs.

In the Matter of the Application of Margaret Pierce, an Inmate of the Utica State Hospital, for Discharge, etc.— Appeal dismissed and stay vacated, without costs, upon stipulation filed.

Carrie E. Monaghan, Appellant, v. Nellie A. Monaghan and Others, Respondents.— Appeal dismissed, without costs, upon stipulation filed.

City of Olean, Appellant, v. Marcia B. Bradner, Respondent.— Judg- ment affirmed, with costs. Held, that the common council had power under the charter* to require defendant to lower her sidewalk to the estab- lished grade of the street, and, under the facts in this case, was not estopped from so doing by any prior acts of the superintendent of streets. The judgment was, however, properly reversed for want of sufficient com- petent proof of the expense incurred by the city or to justify receiving in

* See Laws of 1893, chap. 478, § 99, as amd. by Laws of 1898, chap. 142.— [REP.